UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

JACQUELINE WILLIAMS,
                      Plaintiff,

           -v-

VENTURE TOURS, INC., *et al.*,
                      Defendants.

21-CV-6411 (JPO)

ORDER

---------------------------------------------------------

J. PAUL OETKEN, District Judge:

      Defendants removed this action from New York Supreme Court for Bronx County on July 28, 2021, on the basis of diversity jurisdiction.  (*See* Dkt. No. 1 at 2.)  Plaintiff moves to remand on the ground that the removal is untimely.  Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of receipt of a document "from which it may first be ascertained that the case is one which is or has become removable."  The parties dispute when Defendants learned that the amount in controversy exceeded $75,000.00.  That date was March 15, 2021, when Plaintiff stated in response to Defendants' discovery demands that "Plaintiff seeks a sum not to exceed $500,000 for her past and future medical expenses and a sum not to exceed $3,000,000 for her past and future non-economic losses."  (Dkt. No. 8-2 at 3.)  Defendants protest that this response only articulated an upper bound for Plaintiff's demand, and under *Moltner v. Starbucks Coffee Co.*, "the removal clock does not start until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  624 F.3d 34, 38 (2d Cir. 2010).  But "[u]nder the *Moltner* standard, defendants must still 'apply a reasonable amount of intelligence in ascertaining removability.'"  *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  It is apparent from Plaintiff's response that she sought

more than $75.000.00 in damages.  She listed a $3.5 million sum, which "outstrips the $75,000 jurisdictional limit so completely that [Defendants] should have been on notice that the amount in controversy requirement would be met."  *Calle-Cardenas v. Vaillancourt Transp., LLC*, No. 20-CV-1103, 2020 WL 7389051, at *3 (N.D.N.Y. Dec. 16, 2020).  Perhaps for this reason, *Moltner* itself concluded that the removal clock began to run when the defendant received a "letter stating that [Plaintiff] sought damages not to exceed $3 million."  *Moltner*, 624 F.3d at 36.  Defendants had thirty days from March 15, 2021 to file a notice of removal.  Because they did not do so within that 30-day period, this action must be remanded.

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 7.

The Clerk of Court is directed to remand this action to the Supreme Court of the State of New York, Bronx County, under index case number 34163/2020E.

SO ORDERED.

Dated: March 21, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

2